IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| INEZ KIMBERLY ENGLEBERT, | * | |
| SCOTT ENGLEBERT, | | CIVIL ACTION FILE NO: |
|     PLAINTIFFS | * | 4-13-cv-219 (CDL) |
| | | |
| V. | * | |
| | | |
| BUDZIK & DYNIA, LLC | * | JURY TRIAL DEMANDED |
| or its successor in interest | | |
|     DEFENDANT | * | |

## COMPLAINT

COMES NOW Inez Kimberly Englebert and Scott Englebert, hereinafter designated and referred to as Plaintiffs, and brings this action for violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C.A. § 1692, et. seq., and declaratory relief as against Budzik & Dynia, LLC or its successor in interest, hereinafter designated and referred to as Defendant, and for cause respectfully shows as follows:

## PARTIES

1.

Plaintiff, Inez Kimberly Englebert is an adult resident citizen of Chattahoochee County, Middle District, Georgia. Plaintiff is/was a "consumer" as that term is defined in 15 U.S.C. § 1692a (3).

2.

Plaintiff, Scott Englebert is an adult resident citizen of Chattahoochee County, Middle District, Georgia. Plaintiff is/was a "consumer" as that term is defined in 15 U.S.C. § 1692c (d) and a "person", as contemplated by 15 U.S.C § 1692d (5).

3.

Defendant is an Illinois Limited Liability Company with its principal office located in Chicago, Ill. The registered agent for service of process in Illinois for Defendant is Alfred S. Dynia, 4849 N. Milwaukee Ave., STE 801, Chicago, IL. 60630.

4.

Defendant has conducted business in Chattahoochee County in Georgia during the time period pertinent to the allegations in this Complaint.

5.

Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

6.

The subject matter of this litigation is a "debt", as defined by 15 U.S.C. § 1692a (5) and a "communication" as defined by 15 U.S.C. § 1692a (2).

## JURISDICTION AND VENUE

7.

This action is based on the FDCPA, 15 U.S.C. § 1692 *et seq.* accordingly, in federal questions jurisdiction exist pursuant to 28 U.S.C. §1331. Supplemental jurisdiction over the other claims exists under 28 U.S.C. §1367.

8.

Venue is proper under 28 U.S.C. §1391, since a substantial number of the events giving rise to the claims occurred within this judicial district and division and since Defendant is subject to the personal jurisdiction of this Court.

9.

Defendant's wrongful activities were directed to this jurisdiction. Some of Plaintiffs' rights were damaged or impaired in this jurisdiction, and significant damages and losses were suffered in this jurisdiction.

## NATURE OF THE CASE

10.

Defendant's routine business practices involve collection of debts owed, inter alia, to original creditors and then: (a) engaging in unlawful harassment and unlawful collection methods. It is a very lucrative but unlawful business plan.

11.

Budzik & Dynia, LLC is so eager to harass, abuse, and annoy its debtors that it's repeated and continuous calls each day to Plaintiffs are from multiple telephone numbers and without any prior authorization.

12.

Defendant's routine business practices also include the use of prerecorded automatic telephone dialing systems and artificial or voice systems willfully and knowingly directed to telephones without the express prior consent of the person being called. The persons called without express permission using automatic telephone dialing systems, artificial and prerecorded voice systems include not only the consumers but the friends, family and references of the consumers.

13.

Defendant's business practices are outrageous in character and many are calculated solely to embarrass, humiliate and annoy Plaintiffs, particularly Defendant's revelation of Plaintiffs' personal and private business affairs to third parties.

**FACTS**

14.

On or about June 28, 2012, Plaintiffs received a call at 1:26 PM from "unavailable" instructing Plaintiffs to call Defendant regarding an important legal

matter, however, Defendant left no call-back number, but did state that such call was an attempt to collect a debt.

15.

On July 10, 2012 the mother of Kimberly Englebert received a call from "David Pizarro" asking to speak to Plaintiff, Kimberly Englebert. When asked the nature of the call, Pizarro stated that it was an important personal business matter and Mrs. Englebert's mother told him that she would take a telephone message. Pizarro then left the message for Kimberly to immediately call (888) 322-1295 today as this was an important legal matter and that he would be there until 10 PM.

16.

Plaintiff Kimberly Englebert was then informed of the message by her mother.

17.

Plaintiff, Scott Englebert, husband of Plaintiff, Kimberly Englebert, then returned the call to the number left with Kimberly Englebert's mother, as Plaintiff Kimberly Englebert suffered from a medical condition contra indicative of stressful influence.

18.

Englebert's call was answered by an automated message stating that it was the law firm of Budzik & Dynia, LLC and that they were a debt collector and any

information obtained will be used for that purpose, then instructing him to wait for the next representative

19.

Once a representative actually answered the telephone call she stated that she was not familiar with the phone number of which Mr. Englebert was calling but when Scott Englebert stated that the person who called and left a message that they would be there until 10 PM it was then transferred to Pizarro.

20.

Pizarro refused to discuss the matter with Scott Englebert until Kimberly Englebert got on the phone and verified portions of her identity at which time Pizarro identified himself as being from Dynia and Associates and not from the Law Firm of Budzik & Dynia, LLC.

21.

Pizarro then stated that the alleged debt was with Bank of America, but then stated that the alleged debt was with FIA Card Services and that the account was assigned to his firm on July 6, 2012.

22.

Pizarro then stated that the initial communication in connection with the alleged indebtedness was mailed on July 6, 2012.

23.

Pizarro then stated that if Scott Englebert did not pay Kimberly Englebert's debt stat or make arrangements to do so that date, that the matter would be turned over to an attorney in his jurisdiction to file a lawsuit against him, Scott Englebert, when there obviously was no present intent or entitlement to do so.

24.

Budzik & Dynia, LLC refused to stop calling and in particular continued to use illegal pre-recorded messages.

25.

Verification was then requested from Pizarro of the alleged indebtedness and Pizarro stated that if verification was requested, that Bank of America or FIA Card Services should be contacted directly for such verification.

26.

On July 11, 2012, Kimberly Englebert received two telephone calls from (312) 235-2553, a number belonging to Budzik & Dynia, LLC.

27.

On July 12, 2012, Scott Englebert received a call from (847) 960-3978 at 8:41 AM. The caller identified himself as Pizarro from the Law Firm of Budzik & Dynia.

28.

Pizarro then proceeded to attempt to gain a variety of personal and financial information from Scott Englebert. Scott Englebert asked Pizarro to acknowledge that he had previously asked him not to call again. Pizarro acknowledged that he had been asked not to call again and then proceeded to berate Scott Englebert, telling him that he had memory problems, that he was thinking wrong, and he doesn't seem to remember things too well.

29.

Budzik & Dynia, LLC refused to stop calling and in particular refused to stop using predictive dialers.

30.

Kimberly Englebert was tormented by Budzik & Dynia, LLC and suffered indescribable diminution in quality of life, worry, anxiety, fear, mental anguish, anger, frustration and sorrow as a result of the continuing harassing telephone activity of Budzik & Dynia, LLC, witnessing the tears, pain and suffering visited upon her by the activities of Defendant.

31.

On July 13, 2012, Kimberly Englebert received two calls from (224) 545-5365, the last one being at 11:30 AM. No one answered the phone but the number traced back to a recording stating that the call was coming from Budzik & Dynia.

32.

On July 17, 2012, Kimberly Englebert received three calls from (312) 640-3944, the last at 6:01 PM and on each occasion no message was left from the Chicago phone number.

33.

On July 18, 2012, Scott Englebert's father received a call from (847) 905-9679 at 11 AM in which a female voice inquired as to whether he knew Kimberly Englebert. He gave an affirmative response to the unidentified female. Scott Englebert retuned the call back to the number that called in and received a recording stating that it was Dynia and Associates.

34.

Two more calls came in on the same day from (847) 960-3977, the last of them at 4:54 PM. When the call was returned a recording stated that it was Dynia and Associates.

35.

On July 18, 2012, 20 days after the initial communication in connection with the attempted collection of this purported indebtedness, a dunning letter arrived from Budzik & Dynia with a return address in Rochester, New York. On its face the letter is dated July 9, 2012, or 11 days after the initial communication.

36.

On July 19, 2012, Kimberly Englebert received a call from (312) 492-4292 in which the caller left a message on her answering machine announcing that she was Helen Johnson with Dynia and Associates, addressing Englebert as "Kelly" followed by a dunning message then exhorting Englebert to call (888) 322-1295. Both numbers called back to a recorded device identifying it as belonging to Dynia and Associates.

37.

Budzik & Dynia's agents left numerous messages on Mrs. Englebert's message service, failing to disclose that the purpose of their communication was an attempt to collect upon an alleged debt.

38.

The volume and type of calls were/are harassing, as the intent and motive behind them was to harass Kimberly Englebert, or, by extension, her husband Scott Englebert into paying an alleged debt to Budzik & Dynia, LLC.

39.

Budzik & Dynia, LLC, has also attempted to coerce and embarrass Mrs. Englebert by repeatedly calling Mrs. Englebert an excessive number of times with the intent of harassing her.

40.

When repeatedly making a large number of harassing calls to Mrs. Englebert's phone, Budzik & Dynia, LLC, immediately used illegal prerecorded messages, automatic dialers, and predictive dialers in contacting Mrs. Englebert on her phone.

41.

On July 24, 2012, Englebert sent a validation letter to Budzik & Dynia, LLC in Chicago. On the same day Englebert received a call from a female from (312) 492-4292 in such call the female was informed validation had been requested, and when asked admitted the use of an automatic dialer for the purpose of calling Englebert.

42.

On March 29, 2013, Defendant mailed Plaintiff Kimberly Englebert an account statement purporting to be verification of her indebtedness.

**SUMMARY**

43.

15 USC § 1692d  provides A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 804 [15 USCS § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.

44.

15 USC § 1692g provides, inter alia,

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

45.

15 USC § 1692c provides, inter alia

(b) Communication with third parties. Except as provided in section 804 [15 USCS § 1692b], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if

otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

46.

The above-detailed conduct by Budzik & Dynia, LLC, of harassing Plaintiffs in an effort to collect this debt was also an invasion of Plaintiffs' privacy by an intrusion upon seclusion and resulted in actual damages to Plaintiffs.

47.

This series of abusive collection calls by Budzik & Dynia, LLC and its agents caused Plaintiff Kimberly Englebert to suffer indescribable diminution in quality of life, worry, anxiety, fear, mental anguish, anger, frustration and sorrow as a result of the continuing harassing telephone activity of Budzik & Dynia, LLC.

48.

Budzik & Dynia's repeated attempts to collect this debt from Plaintiffs and its refusal to stop violating the law were an invasion of Plaintiffs' privacy and Plaintiffs' right to be left alone.

49.

Plaintiffs have suffered actual damages as a result of these illegal collection communications by Budzik & Dynia in the form of indescribable diminution in quality of life, worry, anxiety, fear, mental anguish, anger, frustration, as well as suffering from unjustified and abusive invasions of personal privacy.

50.

As a result of the above-stated violations, Plaintiffs are entitled to a judgment that Defendant's conduct is in violation of the Fair Debt Collection Practices Act, for statutory damages, for actual damages, and all costs and attorney's fees.

51.

Moreover, Defendant's violations of the Federal Fair Debt Collection Practices Act are per se violations of the Georgia Fair Business Practices Act, O.C.G.A. § 393 et seq., thus Plaintiffs are entitled to treble damages over actual damages, costs and attorney's fees.

Wherefore, Plaintiffs respectfully pray as follows:

(a) That summons issue and Defendant be served as by law provided

(b) That Defendant's conduct be found a violation of the Fair Debt Collection Practices Act;

(c) That Plaintiffs, and each of them, be awarded statutory damages in the amount of $1,000;

(d) That Plaintiffs, and each of them, be awarded actual damages;

(e) That Plaintiffs, and each of them, be awarded treble damages pursuant to O.C.G.A. § 393 et seq.

(f) That Plaintiffs be awarded all costs and attorney's fees; and

(g) That Plaintiffs be awarded such other and further relief as may be just and proper in the premises.

This 2nd day of July, 2013.

<u>/s/ John W. Roper</u><br>
John W. Roper

The Roper Law Firm
5353 Veterans Parkway, Suite D
Columbus, Georgia 31904
(706) 596-5353
johnroper@roperlaw.com
Georgia Bar No: 614159